Filed 2/10/15  P. v. Paredones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>HUGO ENRIQUE PAREDONES,<br><br>        Defendant and Appellant. | F067262<br><br>(Super. Ct. No. BF145504A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael B. Lewis, Judge.

Deborah Prucha and Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Poochigian, J. and Peña, J.

Appellant Hugo Enrique Paredones pled no contest to forgery (Pen. Code, § 470, subd. (a))[1] and admitted allegations that he had a prior conviction within the meaning of the three strikes law (§§ 667, subds. (c)-(j), 1170.12, subds. (a)-(e)).  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On December 4, 2012, Paredones used a credit/access card, issued under the name David Aguilar, to purchase tools at a Home Depot store in Bakersfield.  Paredones was stopped by police in the store parking lot as he pushed a shopping cart containing the tools.  In his wallet, police found 15 credit/access cards issued under the name David Aguilar.  Paredones told the officers that he had someone create a fraudulent California driver's license to match the name on the cards so that he would be able to use them.

On December 6, 2012, the district attorney filed a complaint charging Paredones with second degree burglary (count 1/§ 460, subd. (b)), receiving stolen property (count 2/§ 496, subd. (a)), and forgery (count 3).  The complaint also charged Paredones with having a prior conviction within the meaning of the three strikes law.

On January 23, 2013, Paredones entered his no contest plea to the forgery offense and admitted the three strikes allegation in exchange for dismissal of the remaining counts and a stipulated prison term of 32 months.

On March 15, 2013, the court heard and denied Paredones's *Marsden*[2] motion.

On April 9, 2013, defense counsel filed a *Romero* [3] motion.

---

[1]     All further statutory references are to the Penal Code.

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

[3]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

On April 12, 2013, the court denied Paredones's *Romero* motion. It then sentenced him to the stipulated term of 32 months, the mitigated term of 16 months doubled to 32 months because of Paredones's strike conviction.

Paredones's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Paredones has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.